UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 3:94cr223 (PCD) |
| | : | Civil No. 3:01cv76 (PCD) |
| AMADOR RIVERA | : | |

**RULING ON PETITIONER'S MOTION TO SET ASIDE JUDGMENT**

Petitioner moves, pursuant to Federal Rule of Civil Procedure 60(b)(4), to set aside a "void" judgment for lack of subject matter jurisdiction. For the reasons stated herein, the Court finds that Petitioner's Motion to Set Aside Judgment [Doc. No. 2390] is a **second or successive petition** and hereby **transfers** it to the Court of Appeals for possible certification.

**I.     BACKGROUND**

The factual and procedural background of this case was set forth in detail in this Court's numerous prior Rulings on Defendant's post-conviction motions, and therefore, the full history will not be recited herein.

On July 26, 1996, Petitioner was convicted, following a jury trial, of two counts of racketeering charges, conspiracy to commit murder, and conspiracy to distribute controlled substances. Petitioner was sentenced to three concurrent life terms of imprisonment on December 5, 1996. Petitioner filed a direct appeal and his conviction and sentence were affirmed on October 5, 1999. Petitioner then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, which was denied on April 6, 2001 [Doc. No. 2206]. In a January 15, 2003 Ruling [Doc. No. 2277], the Court modified Petitioner's sentence pursuant to a *pro se* motion which was construed as Motion to Alter or Amend pursuant to Federal Rule of Civil Procedure

59. Judgment was amended accordingly on January 23, 2003 [Doc. No. 2278], with this Court imposing a twenty-year term of imprisonment. Petitioner appealed and that appeal was dismissed on March 20, 2003 [Doc. No. 2286].

Petitioner has filed several additional motions since that time. On May 2, 2005, this Court issued a Ruling which, *inter alia*, denied a Motion for Reconsideration, and construed a Motion to Amend as a second or successive petition and transferred it to Court of Appeals for potential certification. (See Ruling on Pending Mots., May 2, 2005, Doc. No. 2315.) On November 7, 2005, this Court issued a Ruling denying Petitioner's Motion for Reconsideration of the May 2, 2005 Ruling. (See Ruling on Mot. Recons., Nov. 7, 2005, Doc. No. 2344.) Most recently, on December 19, 2006, this Court issued a Ruling transferring a Motion for Reconsideration to Court of Appeals as second or successive petition. In the motion, Petitioner requested that this Court make a determination as to his "venire" argument, raised for the first time in his § 2255 petition, and then transfer the motion to the Court of Appeals. The Court found that the issue was decided in this Court's April 6, 2001 Ruling, and need not be decided again. (See Ruling on Mot. Recons., Dec. 19, 2006, Doc. No. 2389.)

## II.  DISCUSSION

Petitioner now files another motion with this Court, this one captioned as a Motion to Set Aside the Judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). Essentially, Petitioner argues in the instant motion that federal courts lack jurisdiction over criminal acts and it was therefore unconstitutional for this Court to sentence him for any criminal act. (See Pet'r's Mot. Set Aside Judg.) Despite Petitioner's captioning of his motion, it is a second or successive petition pursuant to 28 U.S.C. § 2255 and should be transferred to the Court of Appeals.

When an earlier § 2255 petition was adjudicated on the merits, a subsequent petition is considered "second or successive." See Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a "second or successive" petition for relief under § 2255 may not be filed in a district court unless the petitioner first obtains the authorization of the court of appeals, certifying that the petition conforms to specified statutory requirements, i.e., that it contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255[1]; see also Whab, 408 F.3d at 118 ("The duty of the court of appeals to issue or deny such certification is commonly described as its 'gatekeeping' function."). When a petitioner files a second or successive petition without first obtaining authorization from the court of appeals to do so, as is the case here, the district court must transfer the motion to the Court of Appeals. See Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996) (per curiam).

## III. CONCLUSION

In accordance with the requirements of 28 U.S.C. § 2255 and pursuant to 28 U.S.C. § 1631, the Clerk is directed to **transfer** this case to the United States Court of Appeals for the Second Circuit to enable that court to determine whether the claims raised in this petition [Doc. No. 2390] should be considered by the district court.

---

[1] "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C).

SO ORDERED.

Dated at New Haven, Connecticut, August  29 , 2007.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court